UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUNE HARDWICK, et al.,<br><br>   Plaintiffs,<br><br> v.<br><br>CITY OF SEATTLE, et al.,<br><br>   Defendants. | No. C05-282P<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS BASED ON<br>STATUTE OF LIMITATIONS |

  This matter comes before the Court on Defendants' two Motions to Dismiss. (Dkt. Nos. 10 & 16). In the first motion, Defendants seek dismissal based on lack of standing, failure to serve defendants in a timely manner, and failure to file a claim for damages with the City. In their second motion, Defendants seek dismissal based on the statute of limitations. By separate motion, plaintiffs have filed a motion to amend their complaint. (Dkt. No. 37). They seek to add additional Plaintiffs to address Defendants' standing and failure to file a claim arguments. Having reviewed the pleadings and supporting materials, the Court hereby GRANTS Defendants' motion to dismiss based on the statute of limitations. Because Plaintiffs did not properly serve Defendants within 90 days of filing the complaint, which was filed on the last day before the expiration of the statute of limitations, Plaintiffs' claims are time-barred. The Court need not reach the issues presented in Defendants' other motion.

ORDER - 1

1  Further, amending Plaintiffs' complaint would not cure Plaintiffs' failure to comply with the statute of
2  limitations.

3  PROCEDURAL BACKGROUND

4  On February 18, 2002, Shawn Maxwell was shot and killed by two Seattle Police Department
5  officers. Plaintiffs filed this wrongful death action under 42 U.S.C. § 1983 on February 17, 2005
6  against the City of Seattle ("the City") and the two individual officers involved in the shooting.

7  On April 15, 2005, Plaintiffs attempted to serve all Defendants via mail and obtain waivers of
8  service. In this mailing, Plaintiffs included an unsigned summons, an unsigned complaint, and three
9  copies of a notice of lawsuit and request for waiver of service of summons specifically directed to the
10 "City of Seattle." (Dale Decl., Ex. F). Plaintiffs mailed a packet of these documents to the City of
11 Seattle (neither the envelope nor the cover letter specify a particular person or department within the
12 City), to each officer at the Seattle Police Department, and to Defendants' counsel Ted Buck at
13 Stafford Frey Cooper. (Dale Decl., Ex. F; Richmond Decl., ¶¶ 26-27, Ex. 9-14). Defendants maintain
14 that Plaintiffs failed to include in these mailings a "prepaid means of compliance" (i.e. a self-addressed
15 stamped envelope). (Dale Decl., ¶ 5). Neither officer has signed the waivers. Plaintiff has not
16 personally served either officer to date. Plaintiffs served the City on July 14, 2005.

17 ANALYSIS

18 Defendants contend that Plaintiffs' compliant is time-barred because Plaintiffs did not toll the
19 three-year statute of limitations by serving Defendants within 90 days of filing the complaint.

20 Dismissal of a complaint is proper if a plaintiff failed to comply with the applicable statute of
21 limitations. <u>Cervantes v. City of San Diego</u>, 5 F.3d 1273, 1275 (9th Cir. 1993). For § 1983 claims,
22 federal courts apply the forum state's rules on statute of limitations for an analogous cause of action
23 and the forum state's rules on tolling of the statute of limitations. <u>Board of Regents of Univ. of State</u>
24 <u>of N.Y. v. Tomanio</u>, 446 U.S. 478, 483-84 (1980); <u>Cholla Ready Mix, Inc. v. Civish</u>, 382 F.3d 969,
25

ORDER - 2

1  974 (9th Cir. 2004) (looking to the forum state's statute of limitations for tort claims in determining
2  the statute of limitations for a § 1983 claim).

3      In Washington state, the statute of limitations for tort claims is three years. RCW 4.16.080(2).
4  If a complaint is filed before the summons is served, the action is deemed to have commenced the day
5  the complaint is filed. In such situations, plaintiff must serve the summons within 90 days of the filing
6  of the complaint. If the plaintiff fails to do so, "the action shall be deemed to not have been
7  commenced for purposes of tolling the statute of limitations." RCW 4.16.170.

8      In this case, Plaintiffs filed their complaint the day before the expiration of the statute of
9  limitations. To comply with state law, Plaintiffs should have served Defendants by May 17, 2005 at
10  the latest. Defendants argue that Plaintiffs failed to do so; Plaintiffs maintain that they did. There is
11  no dispute that Plaintiffs did not personally serve the City within 90 days; they served the City on July
12  14, 2005. Further, Plaintiffs have not, to date, personally served the individual officers. The issue is
13  whether Plaintiffs' April 15th mailings constitute proper service.

14      The Federal Rules of Civil Procedure provide for waiver of service of a summons in certain
15  circumstances. Individual defendants who receive notice in the manner outlined in Rule 4(d)(2) have a
16  duty to avoid unnecessary costs of service of a summons and instead can waive service. The notice
17  requirements include, among other things, that the notice and request be addressed directly to the
18  individual defendant and that the plaintiff provide the defendant with "a prepaid means of compliance
19  in writing." Rule 4(d)(2)(A) & (G). The waiver provisions do not apply to a municipality defendant.
20  A municipality must be served by delivering a copy of the summons and complaint to the appropriate
21  person under state law. Rule 4(j)(2); <u>see</u> RCW 4.28.080(2) (service must be to the mayor, city
22  manager, either's designated agent, or the city clerk).

23      Plaintiffs' attempted service fails to meet these requirements. First, it does not appear that
24  Plaintiffs included the "prepaid means of compliance in writing." While Plaintiffs' cover letter lists a
25  "SASE" (self-addressed stamped envelope) as an enclosure, (Richmond Decl., Ex. 15), there is no

ORDER - 3

proof that it was actually enclosed. Counsel for Defendants testify that it was not. (Dale Decl., ¶ 5). Plaintiffs do not directly assert that it was. Plaintiffs mistakenly focus instead on the fact that these mailings were delivered. Even if the mailings were delivered on the dates Plaintiffs claim, that does not and cannot cure any deficiency in the form of the notice and request. Defendants maintain that Plaintiffs' counsel did nothing to cure this deficiency; counsel did not contact Defendants regarding the waivers of service.[1] While it is unclear if Defendants' counsel ever communicated the deficiency to Plaintiffs' counsel between April 15 and May 17, Defendants' counsel has no legal obligation to do so.

Second, Plaintiffs clearly did not properly serve the City within 90 days. Mailing a copy of the summons and complaint to the "City of Seattle" generally or the City's counsel does not constitute proper service. "[I]n actions involving municipalities, strict compliance with the statutory requirements of service of process is a prerequisite to the court's acquiring jurisdiction over a city." Meadowdale Neighborhood Comm. v. City of Edmonds, 27 Wn.App. 261, 267, 616 P.2d 1257 (1980).

Lastly, the Court cannot extend the time for tolling the statute of limitations for good cause. To do so "would be permitting [the court] to trespass into the legislative arena. What constitutes a reasonable time within which obligations may be enforced in court is a question for the Legislature." Fisher v. City of Tacoma, 70 Wn.App. 635, 640, 855 P.2d 299 (1993) overruled on other grounds Stikes Woods Neighborhood Ass'n v. City of Lacey, 124 Wn.2d 459, 462, 880 P.2d 25 (1994).

## CONCLUSION

The Court GRANTS Defendants' motion to dismiss based on the statute of limitations. Because Plaintiffs did not properly serve Defendants within 90 days of filing the complaint, which was

---

[1] Plaintiffs counter that they clearly did raise the issue as evidenced by a series of emails in early August having to do with filing the joint status report. This is irrelevant because by early August, the 90 days had already passed.

ORDER - 4

1  filed on the last day before the expiration of the statute of limitations, Plaintiffs' claims are time-
2  barred.  In light of this ruling, all other pending motions in this matter are stricken as moot.
3      The clerk is directed to provide copies of this order to all counsel of record.
4      Dated: September 19, 2005

6      <u>s/Marsha J. Pechman</u>
       Marsha J. Pechman
7      United States District Judge

ORDER - 5